PS 8 Revised 07
MD/TN Revised 04/12

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. Channin Ace Randolph        Docket No. 0650 3:11CR00082 - 6

### Petition for Action on Conditions of Pretrial Release

COMES NOW Maria K Johnson, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Channin Ace Randolph who was placed under pretrial release supervision by the Honorable Joe B. Brown, U.S. Magistrate Judge sitting in the Court at Nashville, Tennessee, on March 22, 2011, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document.

I declare under penalty of perjury that the foregoing is true and correct.

| Maria K Johnson | Nashville, TN | December 10, 2012 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |

| Next Scheduled Court Event | **Sentencing Hearing** | January 25, 2013 |
|---|---|---|
| | Event | Date |

## PETITIONING THE COURT

☒ No Action                    ☐ To issue an order setting a hearing on the petition
☐ To Issue a Warrant           ☐ Other

### THE COURT ORDERS:
☒ No Action                    ☐ A Hearing on the Petition is set for
☐ The Issuance of a Warrant.
  ☐ Sealed Pending Warrant Execution
     (cc: U.S. Probation and U.S. Marshals only)      Date          Time
☐ Other

Considered and ordered this 10th day of Dec, 2012, and ordered filed and made a part of the records in the above case.

Honorable Aleta A. Trauger
U. S. District Judge

The Honorable Aleta A. Trauger
U.S. District Judge
Petition for Action On
Channin Ace Randolph
3:12CR00082-6
December 10, 2012

On March 17, 2011, Channin Randolph appeared before the Honorable Joe B. Brown for an Initial Appearance pursuant to being charged with 21 USC §§ 841(a)(1) and 846: Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine, Crack Cocaine, and Marijuana. He was released on March 28, 2011, on a personal recognizance bond with pretrial supervision.

**Special Conditions of Pretrial Release:**

Please reference the attached Order Setting Conditions of Release.

**Violation(s):**

Special Condition (p): Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. On November 19, 2012, the defendant submitted a urine screen at Maury County Mental Health Center. The specimen was sent to Alere Laboratories in Gretna, Louisiana and confirmed positive for hydrocodone.

**Probation Officer's Actions:**
On December 3, 2012, this officer received the positive results from Alere Laboratories. When questioned about the positive urine screen, the defendant admitted he took cough medicine, specifically Hydromet, that was prescribed to his mother. Ms. Randolph confirmed this information by providing her prescription for the medication. The defendant was verbally reprimanded by this officer about his actions.

**Respectfully Petitioning the Court as Follows:**
This was the defendant's second positive urine screen since his release. The first positive screen for marijuana was reported to the Court on May 25, 2011. No action was requested since it appeared that there may have been residual effects from use prior to his arrest. The defendant has tested negative for illegal substances on 35 occasions since his release. It is respectfully recommended that no action be taken by the Court at this time. To ensure compliance with the conditions, the pretrial services office will continue to require the defendant to submit random drug screens.

The Honorable Aleta A. Trauger
U.S. District Judge
Petition for Action On
Channin Randolph
3:12CR00082-6
December 10, 2012


Approved by:

*[signature]*

Burton Putman
Supervisory U.S. Probation Officer


xc: AUSA, Sunny Koshy
Attorney Robert D. Massey

# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

United States of America )
v. )
Channing Randolph )  Case No. 11-3062
Defendant )
)

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

CR (1) The defendant must not violate any federal, state or local law while on release.

CR (2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

CR (3) The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

CR (4) The defendant must appear in court as required and must surrender to serve any sentence imposed

The defendant must appear at *(if blank, to be notified)* _____
                                                                            Place
_____ on _____
                                          Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

( ✔ ) (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.

( CR ) (6) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of
_____ dollars ($ _____ )
in the event of a failure to appear as required or surrender to serve any sentence imposed.

AO 199B (Rev. 03/09) Additional Conditions of Release          Page ____ of ____ Pages

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

CR (X) (7) The defendant is placed in the custody of:
Person or organization  _Chapman Ben Reynolds_
Address (only if above is an organization) _____
City and state _____  Tel. No. (only if above is an organization) _____
who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: X _Chapman Ben Reynolds_
        Custodian or Proxy                    Date

CR (X) (8) The defendant must:
( ) (a) report to the _PTS_
        telephone number _____, no later than _____.
( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
( ) (c) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum
( ) (d) execute a bail bond with solvent sureties in the amount of $ _____
CR (X) (e) maintain or actively seek employment.
( ) (f) maintain or commence an education program.
( ) (g) surrender any passport to: _____
CR (X) (h) obtain no passport.
CR (X) (i) abide by the following restrictions on personal association, place of abode, or travel: _limited to MDTN without permission of PTS_
CR (X) (j) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: _co defendant except as need for trial preparation_
( ) (k) undergo medical or psychiatric treatment: _____
( ) (l) return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s):
( ) (m) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
CR (X) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons. _surrender any gun permit_
CR (X) (o) refrain from ( ) any (X) excessive use of alcohol.
CR (X) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
CR (X) (q) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
CR (X) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.
( ) (s) participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.
    ( ) (i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
    ( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer; or
    ( ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.
( ) (t) submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the pretrial services officer or supervising officer related to the proper operation of the technology.
    ( ) The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer determines.
    ( ) (i) Location monitoring technology as directed by the pretrial services office or supervising officer;
    ( ) (ii) Radio Frequency (RF) monitoring;
    ( ) (iii) Passive Global Positioning Satellite (GPS) monitoring;
    ( ) (iv) Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);
    ( ) (v) Voice Recognition monitoring.
CR (X) (u) _report contact with law enforcement to include arrests, traffic stops, within 48 hour to PTS. allow PTS to visit work or residence and confiscate any contraband in plain view._

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICES   U.S. ATTORNEY   U.S. MARSHAL

_Chani Randolph_              _Reviewed w/ Mr. Randolph 3/30/14_
                              _____

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
    While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.
    It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
    If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

    A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

X _____[signature]_____
*Defendant's Signature*

_____
*City and State*

### Directions to the United States Marshal

( X ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 3/28/11

_____[signature]_____
*Judicial Officer's Signature*

Joe B. Brown, U.S. Magistrate Judge
*Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL